

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 25, 2023

*[Handwritten annotation:]* 10/26/23 – The Application is granted. Mr. Ramos' conditions of release are modified to add home detention enforced by location monitoring. Should Mr. Ramos obtain employment, he can apply for a bail modification. *[signature]*

**BY ECF AND E-MAIL**
The Honorable Valerie Figueredo
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   **United States v. Larry Ramos**, 23 Mag. 6757

Dear Judge Figueredo:

     The Government writes to respectfully request that the Court modify the conditions of defendant Larry Ramos's pretrial release to add home detention enforced by location monitoring, with location monitoring equipment to be installed within two business days of the Court's order. *See* 18 U.S.C. § 3142(c)(3) ("The judicial officer may at any time amend the order to impose additional or different conditions of release."). Home detention, in combination with the existing conditions of pretrial release,[1] is necessary to "reasonably assure . . . the safety of . . . the community," 18 U.S.C. § 3142(c)(1)(B), while maintaining Ramos's ability to start the Samaritan outpatient treatment program or any other mental health program approved by Pretrial Services.

     On October 11, 2023, Ramos was charged in Complaint 23 Mag. 6757 with possession of firearms and ammunition by a felon, in violation of 18 U.S.C. § 922(g)(1), and possession of a defaced firearm, in violation of 18 U.S.C. § 922(k). (Dkt. 1). The charges arise from Ramos's possession of (i) a loaded 9mm pistol with a defaced serial number, which Ramos dropped out of his window when law enforcement arrived to arrest him for another state offense, and (ii) a .22 caliber rifle and another round of 9mm ammunition in a cabinet outside his bedroom. (Complaint ¶ 4). Ramos was previously convicted of assault in the second degree, in violation of New York Penal Law § 125.05(6), for which he was sentenced principally to two years' imprisonment. (Complaint ¶ 6).

---

[1] The current conditions of pretrial release are: (i) a $50,000 personal recognizance bond secured by two financially responsible cosigners; (ii) travel restricted to the Southern and Eastern Districts of New York; (iii) surrender all travel documents and no new applications; (iv) pretrial supervision as directed by Pretrial Services; (v) mental health evaluation and treatment; (vi) urinalysis, and if positive, drug testing and treatment; (vii) defendant to continue or seek employment; (viii) defendant not to possess firearms, destructive devices, other weapons, or ammunition; (ix) defendant can continue current mental health treatment once verified by Pretrial; and (x) a third party custodian (Ramos's mother). (Dkt. 4).

On October 12, 2023, Ramos was arrested and presented before the Court. At the presentment, the parties largely agreed to the conditions of pretrial release recommended by Pretrial Services, except for its recommendation of home detention. The defense opposed home detention on the ground that Ramos was employed and was attending, or would soon be attending, the Samaritan program. Because Pretrial Services was unable to verify Ramos's employment, including by consulting Ramos's mother (which whom Ramos resides), the Government proposed that the Court impose home detention without prejudice to relaxing the condition if Ramos's employment and attendance at the Samaritan program were verified. After some discussion, the parties agreed to instead set a deadline for Ramos to supply verification of his employment and attendance at the Samaritan program, which deadline the Court initially set for October 19 and subsequently extended to October 27, 2023. (Dkt. 8).

Earlier today, October 25, 2023, Ramos advised by letter that he was "unable to obtain his proof of employment" because, following his arrest, "he no longer has a job there." (Dkt. 9). Ramos also wrote that he has an "walk in intake interview" with the Samaritan program. (Dkt. 9). The letter did not specify the date of Ramos's intake interview, but attached an email from the Samaritan program providing general program information, including the phone number of the admissions office and its walk-in hours. Thus, it appears that Ramos is not currently employed and is not currently attending the Samaritan program, though that may change if he attends an intake interview and is admitted.

Given the danger inherent in Ramos's possession of two firearms, one of which was loaded and had a defaced serial number, as well as his history of violence, the Government respectfully submits that home detention, enforced by location monitoring, is necessary to reasonably assure the safety of the community. Home detention would not prejudice Ramos's ability to attend the Samaritan program, if he is admitted, because the Court has already directed that Ramos obtain "mental health eval[uation]/treatment" and that he "can continue [his] current mental health treatment once verified by Pretrial." (Dkt. 4). Similarly, home detention will not prejudice Ramos' ability to work, should he obtain employment, because the Court has directed that he "continue or seek employment." (Dkt. 4). Home detention would thus strike a reasonable balance between the safety of the community today and Ramos' ability to seek employment and treatment in the future.

Respectfully submitted,

DAMIAN WILLIAMS

by: _____
Alexander Li
Assistant United States Attorney
(212) 637-2265

cc:   Inga Parsons, Esq. (*by ECF and E-Mail*)