USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  5/16/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

LARRY RAMOS,

         *Defendant.*

~~Proposed~~ Order

23 Cr. 554 (MKV)

MARY KAY VYSKOCIL, United States District Judge:

On May 8, 2024, defense counsel submitted a report by Dr. Cheryl Paradis, who conducted a psychological evaluation of Larry Ramos, the defendant in the above-captioned case.

On May 15, 2024, the parties jointly moved for a hearing to determine the defendant's mental competency. The parties further requested that a psychiatric examination of the defendant be conducted. That motion is GRANTED to address the parties' concern that there is ~~because the Court finds that Dr. Paradis's report creates~~ "reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a).

Accordingly, it is here by ORDERED that:

1. The Bureau of Prisons ("BOP") is directed to have a licensed psychiatrist at a suitable facility conduct an examination of defendant Larry Ramos pursuant to Title 18, United States Code, Sections 4241(b) and 4247(b) and (c), in order to determine whether the defendant is suffering from any mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense;

2. The Court recommends that the examination take place at Metropolitan Detention Center (the "MDC");

3. The BOP is directed to complete the evaluation of the defendant within 30 days of the defendant's designation to a suitable facility;

4. At the conclusion of the examination, the psychiatrist shall prepare a report of the defendant's mental condition in order to assist the Court and counsel in the determination of whether there is reasonable cause to believe the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense;

5. Within 14 days of completing the evaluation, the BOP shall report the results of its evaluation to the Court and disclose that report to the parties;

6. A competency hearing will be scheduled promptly after the written evaluation report is submitted to the Court and provided to the parties; and

7. The suppression hearing currently scheduled for May 29, 2024 and associated deadlines are adjourned *sine die*.

SO ORDERED.

Dated: New York, New York
May 16, 2024

_____
THE HONORABLE MARY KAY VYSKOCIL
UNITED STATES DISTRICT JUDGE

2

"It is well-established that some degree of mental illness cannot be equated with incompetence to stand trial." *United States v. Nichols*, 56 F.3d 403, 412 (2d Cir. 1995) (quoting *United States v. Vamos*, 797 F.2d 1146, 1150 (2d Cir. 1986), *cert. denied*, 479 U.S. 1036 (1987)). Dr. Paradis's report does not state, or support the conclusion, that the defendant is incompetent. The Court nevertheless grants the parties' joint motion for a competency evaluation and hearing "as a precautionary measure." *Nichols*, 56 F.3d at 414. The Court will consider the "medical opinion" of the BOP psychologist together with "a number of [other] factors," including "the court's observation of the defendant's comportment," in making its finding whether the defendant is competent. *Nichols*, 56 F.3d at 411.