USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___12/19/2025___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

UNITED STATES OF AMERICA

     - v. -

LARRY RAMOS,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

:    PRELIMINARY ORDER OF
:    FORFEITURE AS TO
:    <u>SPECIFIC PROPERTY</u>
:
:    23 Cr. 554 (MKV)

WHEREAS, on or about October 26, 2023, LARRY RAMOS (the "Defendant"), was charged in a two-count Indictment, 23 Cr. 554 (MKV) (the "Indictment"), with possession of a firearm and ammunition after a felony conviction, in violation of Title 18, United States Code, Sections 922(g)(1) and 2 (Count One); and possession of a defaced firearm, in violation of Title 18, United States Code, Section 922(k) (Count Two);

WHEREAS, the Indictment included a forfeiture allegation as to Counts One and Two of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code Section 2461(c), of any and all firearms and ammunition involved in the offense charged in Count One of the Indictment, including but not limited to:

    a.      A defaced 9mm Ruger LC9 semiautomatic pistol assigned the New York City Police Department lead serial number 384638 (the "Pistol");

    b.      Seven rounds of 9mm ammunition, found inside the Pistol on or about July 5, 2023;

    c.      A Winchester .22 caliber rifle bearing the serial number B1819900 (the "Rifle"); and

    d.      One round of 9mm ammunition, found in the vicinity of the Rifle on or about July 5, 2023;

(a. through d., collectively, the "Firearms and Ammunition");

WHEREAS, on or about February 10, 2025, the Defendant pled guilty to Count One of the Indictment;

WHEREAS, the Government asserts that the Firearms and Ammunition that were seized by the Government on or about July 5, 2023, at a residence located on Bainbridge Avenue in Bronx, New York (the "Specific Property"), constitute firearms and ammunition involved in or used in the offense charged in Count One of the Indictment;

WHEREAS, the Government seeks the forfeiture of all right, title, and interest of the Defendant in the Specific Property as firearms and ammunition involved in or used in the offense charged in Count One of the Indictment; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.      As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, all right, title, and interest of the Defendant in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

2.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture as to Specific Property is final as to the Defendant, LARRY RAMOS, and shall be deemed part of the sentence of the Defendant and shall be included in the judgment of conviction therewith.

3.	Upon entry of this Preliminary Order of Forfeiture as to Specific Property, the United States Marshals Service (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

4.	Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5.	The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6.	Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

7.    Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

8.    The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Specific Property, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

SO ORDERED:

_____                    12/19/2025
THE HONORABLE MARY KAY VYSKOCIL                    DATE
UNITED STATES DISTRICT JUDGE

4